IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

CRYSTAL COMBS,

    Appellant,

v.                                            CIVIL NO.: MJG-13-3734

FV-1, INC.,

    Appellee.

* * * * * * * * * * * * *

MEMORANDUM OPINION

Crystal Combs appeals the decision of the Bankruptcy Court for the District of Maryland lifting the automatic bankruptcy stay[1] to allow FV-1, Inc. ("FV-1") to proceed with a foreclosure sale on a property owned by Combs. ECF No. 1. Pending is Combs's motion to stay the Bankruptcy Court's decision pending resolution of her appeal. ECF No. 2. No hearing is necessary.[2] For the following reasons, the motion will be denied.

---

[1] Under 11 U.S.C. § 362(a)(1), the filing of a bankruptcy petition automatically stays "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of [the bankruptcy petition], or to recover a claim against the debtor that arose before the commencement of" the bankruptcy petition.

[2] Combs requests a hearing on her motion to stay in this Court. ECF No. 2. On October 24, 2013, the Bankruptcy Court held a hearing on FV-1's motion to lift the stay, during which the Bankruptcy Court ordered the stay lifted and denied Combs's motion for a stay pending appeal of that order. Id. at 5-7. The transcript of this hearing is attached to Combs's motion. ECF No. 2-2. The Court finds that the records from the hearing

I. Background

Combs owns a home at 9904 Doubletree Lane in Marlboro Heights, Maryland (the "Doubletree Property"). ECF No. 1-15 at 1. FV-1 is allegedly the "current payee of a promissory note secured by a deed of trust" on the Doubletree Property.[3] ECF No. 1-27 at 1. The monthly mortgage payment on the property is $901.66. ECF No. 2-2 at 68. Since December 2009, Combs has been in default of her mortgage payments on the Doubletree Property. *See id.* at 31. Combs has not lived at the Doubletree Property since November 2012 and since that time has unsuccessfully attempted to lease the home. *Id.* at 68. She initially tried to rent the home for $2,100 per month but was unable to secure a tenant. *Id.* at 69. She lowered the rent to

---

and notice of appeal are sufficient to resolve this motion without further hearing. *See* Local Rule 105.6 (D. Md. 2011).

[3] Capital Mortgage Finance Corp. was the original lender on the promissory note. ECF No. 2-2 at 31. On May 18, 2010, the note was assigned to Branch Banking & Trust Company ("BB&T"). ECF No. 1-58. Combs disputes the "efficacy of Appellee's lien" through litigation in the Circuit Court for Prince George's County, MD, arguing that "the Appellee or its assignors or related parties (ie; BB&T, Specialized, et al) do not have enforcement rights in a lien or a note which may be enforced because of inadequate documentation." ECF No. 2 at 2-3 n.1; *see also* ECF No. 2-2 at 108-10 (discussing basis of state court lawsuit).

$1,900 but was still unable to secure a tenant after about three months listing at that price.[4]  *Id.*

Between December 2009 and April 2013, Combs accrued over $57,000 in arrearages on the promissory note for the Doubletree Property. *Id.* at 11. A foreclosure sale was scheduled for April 23, 2013. ECF No. 1-27 at 3. On that day, Combs filed, *pro se*, a voluntary petition for relief under Chapter 13 of Title 11 of the United States Bankruptcy Code, which stayed the foreclosure. *See* ECF Nos. 1-3, 1-27 at 3.

On May 16, 2013, Combs filed a proposed Chapter 13 plan. ECF No. 1-18. On May 29, 2013, FV-1 moved to lift the automatic stay to allow the foreclosure sale. ECF No. 1-27. On July 13, 2013, after an evidentiary hearing, Bankruptcy Judge Wendelin I. Lipp denied Combs's proposed Chapter 13 plan with leave to amend. ECF Nos. 1-78, 1-81. On July 25, 2013, the Bankruptcy Court held a preliminary hearing on the motion to lift the stay. ECF No. 1-95. At the hearing, an interim ruling for adequate protection[5] was made, requiring Combs to make interest, tax, and

---

[4] Combs rejected one rental offer because the tenants were not credit worthy. ECF No. 2-2 at 69-70.

[5] Under § 362(d)(1), a court may order relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." Under 11 U.S.C. § 361, a debtor can provide adequate protection by either: (1) making periodic payments to the entity requiring protection; (2) providing an additional or replacement lien; or (3) "granting such other relief . . . as will result in the

3

insurance payments to protect the lender.[6] ECF Nos. 1-80, 2-2 at 61-62, 133-34.

On September 13, 2013, Combs filed an amended Chapter 13 proposed plan. ECF No. 1-93. This plan obligated Combs to make monthly payments of $246.27 to the Chapter 13 trustee. *See id.*; ECF No. 2-2 at 89, 134.

On October 24, 2013, the Bankruptcy Court held a final hearing on the motion to lift the stay. ECF No. 2-2. After the presentation of evidence, Judge Lipp found that Combs had not made any post-petition mortgage payments or payments to the Chapter 13 trustee. *Id.* at 133-34. Although Combs attempted to comply with Judge Lipp's previous ruling requiring her to provide the lender with adequate protection, Judge Lipp found that her compliance was faulty, and the lender was not adequately protected.[7] *See id.* Judge Lipp also found that the success of Combs's Chapter 13 plan depended on her securing a

---

realization by such entity of the indubitable equivalent of such entity's interest in such property."

[6] No formal order was entered at the hearing. *See* ECF No. 2-2 at 134. However, the parties agreed at the October 24, 2013 hearing that, following the July 25, 2013 hearing, Combs was obligated to make these payments. *See, e.g., id.* at 104-05, 123, 127-28.

[7] Among other problems, Combs did not provide sufficient proof that the lender was protected with adequate insurance. *See* ECF No. 2-2 at 133-34.

insurance payments to protect the lender.[6] ECF Nos. 1-80, 2-2 at 61-62, 133-34.

On September 13, 2013, Combs filed an amended Chapter 13 proposed plan. ECF No. 1-93. This plan obligated Combs to make monthly payments of $246.27 to the Chapter 13 trustee. *See id.*; ECF No. 2-2 at 89, 134.

On October 24, 2013, the Bankruptcy Court held a final hearing on the motion to lift the stay. ECF No. 2-2. After the presentation of evidence, Judge Lipp found that Combs had not made any post-petition mortgage payments or payments to the Chapter 13 trustee. *Id.* at 133-34. Although Combs attempted to comply with Judge Lipp's previous ruling requiring her to provide the lender with adequate protection, Judge Lipp found that her compliance was faulty, and the lender was not adequately protected.[7] *See id.* Judge Lipp also found that the success of Combs's Chapter 13 plan depended on her securing a

---

realization by such entity of the indubitable equivalent of such entity's interest in such property."

[6] No formal order was entered at the hearing. *See* ECF No. 2-2 at 134. However, the parties agreed at the October 24, 2013 hearing that, following the July 25, 2013 hearing, Combs was obligated to make these payments. *See, e.g., id.* at 104-05, 123, 127-28.

[7] Among other problems, Combs did not provide sufficient proof that the lender was protected with adequate insurance. *See* ECF No. 2-2 at 133-34.

tenant for the Doubletree Property.[8]  *See id.* at 135-36. Given that Combs had not located a tenant in the six months since she filed her amended plan, Judge Lipp found that no Chapter 13 reorganization was "in prospect." *See id.* Judge Lipp concluded that the bankruptcy stay should be lifted, but noted that Combs could return to the court for relief from the order lifting the stay when she located a tenant and began making plan payments. *See id.* at 136.

After Judge Lipp's ruling, Combs orally moved for reconsideration on the basis that Combs's parents were willing to pay the full monthly mortgage payments and Combs's plan payments. *Id.* at 136, 141. Judge Lipp denied the motion, reasoning that Combs's parents had the opportunity to help her make plan payments before the hearing but did not, and the plan's success depended on Combs finding a tenant for the Doubletree Property. *Id.* at 144-45.

Combs then orally moved for a stay of Judge Lipp's ruling pending appeal under Federal Rule of Bankruptcy Procedure 8005. *Id.* at 146. Judge Lipp denied the motion. *Id.* at 151.

On November 2, 2013, Combs tendered a certified check to Shapiro & Burson, FV-1's counsel, for $6,307, representing seven monthly payments of $901.00, ostensibly to belatedly satisfy the

---

[8] Judge Lipp also found, upon stipulation of the parties, that Combs had no equity in the Doubletree property. ECF No. 2-2 at 128, 133.

5

Bankruptcy Court's requirement from the July 25, 2013 hearing that she adequately protect the lender during the duration of the bankruptcy stay. ECF Nos. 2-3, 2-4.

On December 12, 2013, almost two months after the hearing, and with the foreclosure sale of the Doubletree Property scheduled for December 17, 2013, Combs filed an emergency motion in this Court under Rule 8005 to stay Judge Lipp's order lifting the automatic stay pending resolution of her appeal of the order. ECF No. 2. On December 16, 2013, FV-1 opposed the motion. ECF No. 5. The same day, Combs replied. ECF No. 6.

II. Analysis

Under Federal Rule of Bankruptcy Procedure 8005:

> A motion for a stay of judgment, order, or decrees of a bankruptcy judge must ordinarily be presented to the bankruptcy judge in the first instance[9]. . . . [T]he bankruptcy judge may suspend or order the continuation of other proceedings in the case . . . . A motion for such relief . . . may be made to the district court . . . but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge.[10] The district court or the bankruptcy appellate panel may condition the relief it grants under this rule on the filing of a bond or other appropriate security with the bankruptcy court.

---

[9] Combs presented her Rule 8005 motion to Judge Lipp at the October 24, 2013 hearing before seeking relief in this Court. See ECF No. 2-2 at 146.

[10] Combs attached the transcript of the hearing during which Judge Lipp denied Combs's Rule 8005 motion and explained the reasoning for the denial. See ECF No. 2-2 at 151.

6

The issuance of a stay pending appeal is within the district court's discretion, and the party seeking the stay must prove that: (1) she will suffer irreparable injury if the stay is denied, (2) other parties will not be substantially harmed by the stay, (3) the stay will serve the public interest, and (4) she is likely to prevail on the merits of the appeal. *Culver v. Boozer*, 285 B.R. 163, 165 (D. Md. 2002); *Long v. Robinson*, 432 F.2d 977, 979-80 (4th Cir. 1970). As the movant, Combs "must address each factor, regardless of its relative strength," and must "provid[e] specific facts" in support of each. *In re Akron Thermal, LP*, 414 B.R. 193, 201 (N.D. Ohio 2009).

A. Irreparable Injury

To show irreparable harm, "the movant must usually show that money damages or a later court decision will be inadequate to remedy the harm suffered" and that "irreparable injury is likely." *In re Forest Grove, LLC*, 448 B.R. 729, 743 (Bankr. D.S.C. 2011) (citing *MicroAire Surgical Instruments, LLC v. Arthrex, Inc.*, 726 F. Supp. 2d 604, 634 (W.D. Va. 2010); *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22, 129 S. Ct. 365, 375, 172 L. Ed. 2d 249 (2008)) (emphasis in original).

Combs asserts that she will be irreparably injured if the Bankruptcy Court's decision is not stayed, because "[a] foreclosure on a property in Maryland [permanently] extinguishes any ownership rights of the former owner subject only to

ratification . . . and any State Court litigation." ECF No. 2 at 10. However, Combs has not shown or argued that her state court suit disputing FV-1's rights to enforce the promissory note,[11] if successful, would not remedy any harm resulting from denying a stay pending her appeal. *See Forest Grove*, 448 B.R. at 744 (finding no irreparable harm, because "Debtor has an alternative avenue for relief, as Debtor is already moving forward in state court"). Combs concedes that this litigation could offer relief, by noting that the foreclosure extinguishes rights "*subject*" to "any State Court litigation."[12] ECF No. 2 at 10 (emphasis added). Moreover, in ordering the stay lifted, Judge Lipp informed Combs that she could return to the bankruptcy court for relief from the order if she located a tenant for the Doubletree Property; thus Combs has alternative avenues for relief. *See* ECF No. 2-2 at 136.[13] Finally, Combs

---

[11] *See supra* note 3.

[12] Even if Combs can only recover money damages, she has "neither argued nor shown extraordinary circumstances to give rise to irreparable harm, such as [the defendants'] inability to pay damages or the unsatisfiability of a money judgment." *See In re River Rock Cottages, LLC*, 3:08-CV-00187-W, 2008 WL 2001814, at *2 (W.D.N.C. May 7, 2008) (finding no irreparable harm in allowing foreclosure of debtor's property).

[13] *Cf. Asheville Bldg. Associates v. Carlyle Real Estate Ltd. P'ship, VIII*, 93 B.R. 920, 923 (W.D.N.C. 1988) (finding no irreparable harm in granting stay to prevent foreclosure because debtor had "several remedies" including bidding at the sale or finding other potential bidders at the sale).

8

admitted that there is no equity in the property, and she did not make any plan payments before the October 24, 2013 hearing. *See id.* at 89, 133-34; *cf. In re Kent*, 145 B.R. 843, 844 (Bankr. E.D. Va. 1991) (finding no irreparable harm, because "this court has found no equity in the property and no likelihood that a confirmable plan will be presented"). Thus, Combs has failed to prove that "extraordinary circumstances" exist which "give rise to irreparable harm" to her from denying her motion. *See River Rock*, 2008 WL 2001814, at *2.

B. Likelihood of Success on the Merits

On appeal, Judge Lipp's decision to lift the stay is reviewed under an abuse of discretion standard. *In re Ramkaran*, 315 B.R. 361, 364 (D. Md. 2004). A bankruptcy judge abuses her discretion in lifting an automatic stay only if she "relies upon clearly erroneous findings of fact or uses an erroneous legal standard." *McDow v. Official Comm. Of Equity Sec. Holders of Criimi Mae, Inc.*, 247 B.R. 146, 151 (D. Md. 1999) (*citing Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999)).

Under § 362(d)(2), the court may grant relief from the automatic stay if: "(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization." However, "in order for property to be necessary for an effective reorganization, reorganization

9

must be within reasonable prospect." *In re Henderson*, 395 B.R. 893, 900-01 (Bankr. D.S.C. 2008) (*citing United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 376, 108 S. Ct. 626, 98 L.Ed.2d 740 (1988)). To be in reasonable prospect, there must be a "reasonable possibility of a successful reorganization within a reasonable time." *See Timbers*, 484 U.S. at 366, 108 S. Ct. at 628.

Here, there is indisputably no equity in the Doubletree Property. ECF No. 2-2 at 128, 133. Assuming the Doubletree Property is necessary for an effective reorganization, there is no reasonable possibility of a successful reorganization in a reasonable time, because Judge Lipp found that: (1) the success of Combs's plan depended on finding a tenant; (2) Combs has been unsuccessful in finding a tenant after several months; and (3) Combs had not made any plan payments for six months. *See id.* at 133-36. These findings are supported by the record and are not clearly erroneous. Accordingly, because no successful reorganization is in prospect, it is unlikely that Combs will succeed on the merits of her appeal.[14]

---

[14] The Court concludes that Combs is not likely to succeed on the merits of her claim that Judge Lipp erred in lifting the automatic stay under § 362(d)(2). Thus, the Court need not decide whether Combs might succeed on the merits of her claim that Judge Lipp erred in lifting the automatic stay under § 362(d)(1), "lack of adequate protection," because the automatic stay may be lifted for the reasons set forth in either provision (d)(1) or (d)(2). *See, e.g., In re DeLuca*, 194 B.R.

C. Substantial harm and the Public Interest

Combs contends that no harm will result to any non-moving party as a result of the stay, because she has belatedly tendered a check for $6,307.00 that will adequately protect the lender. ECF No. 2 at 10. She apparently argues that, because she made this payment, the public interest favors granting the stay, because FV-1 has "overreach[ed]" in seeking adequate protection. *Id.* at 11.

Even if this payment provides adequate protection and diminishes the harm to FV-1 from a stay pending the bankruptcy appeal, Combs has failed to show her likelihood of success on the merits of her appeal and that she will suffer irreparable harm if the case is not stayed. *See supra* Sections II.A, II.B. Combs must satisfy each element for relief under Rule 8005. *See In re Garcia*, 436 B.R. 825, 828 (Bankr. W.D. Va. 2010) (*citing Winter*, 555 U.S. at 22, 129 S. Ct. at 374). Moreover, as Combs is unlikely to succeed on the merits, the public interest in efficiently resolving cases would not be furthered by a stay. *See, e.g., In re Frascella Enters., Inc.*, 388 B.R. 619, 629 (Bankr. E.D. Pa. 2008) (denying relief under Rule 8005, in part, because the public interest in "prompt and fair resolution of bankruptcy cases" is not served by "further delay while [a

---

797, 807 (Bankr. E.D. Va. 1996) (granting relief from automatic stay under § 362(d)(2)).

party] pursues an interlocutory appeal to the District Court"). Accordingly, Combs is not entitled to relief under Rule 8005.

III. Conclusion

For the reasons stated above, the appellant's motion to stay pending appeal will be denied.

12/16/13
Date

_____
William D. Quarles, Jr.
United States District Judge